Jay Calhoun (SBN 022836)
**THE CALHOUN LAW FIRM**
**A Professional Limited Liability Company**
P.O. Box 7262
Chandler, Arizona 85246
Telephone: 480-967-1800
Facsimile: 480-967-1810
firm@law4sb.com

Attorney for Plaintiffs Danielle Salinas
and Giselle Salinas

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RICHARD R. SALINAS and PETRA L. SALINAS,<br>　　　　　Debtors.<br>_____<br>DANIELLE SALINAS, unmarried individual; and GISELLE SALINAS, an unmarried individual,<br>　　　　　Plaintiffs,<br>v.<br>RICHARD R. SALINAS and PETRA L. SALINAS, husband and wife,<br>　　　　　Defendants. | Chapter 7<br><br>Case No. 2:23-bk-00983-DPC<br><br>Adversary No. _____ |

　　　Plaintiffs Rito's Burritos, LLC, Danielle Salinas and Giselle Salinas file this Complaint to Determine the Dischargeability of Debt under 11 U.S.C. § 523(a)(2) against debtors Richard R. Salinas and Petra L. Salinas. Plaintiffs' allegations follow:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Danielle Salinas (Danielle) resided in Maricopa County, Arizona at all times material to this action.

2. Plaintiff Giselle Salinas (Giselle) resided in Maricopa County, Arizona at all times material to this action.

3. Defendants are the debtors in this bankruptcy action and at all times material to the Complaint's allegations were Arizona residents.

4. At all material times, the Defendants were married and Defendant Richard R. Salinas and Petra L. Salinas acted for the benefit and on behalf of their marital community though the fraud violations described below.

5. Under 28 U.S.C. § 1334, the Court has jurisdiction over the parties and the subject matter of this dispute. The action is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J) and 11 U.S.C. § 523.

6. Venue is proper in this district under 28 U.S.C. § 1409.

**Nature of the Action**

7. This case involves a $250,000 agreement between Plaintiffs and Defendants for Plaintiffs to purchase and continue operating a restaurant called Rito's Burritos located at 7416 N 51st Avenue, Glendale, Arizona 85301. Rito's Burritos restaurant was operated by Defendants until the end of 2018. Defendants operated the restaurant as a sole proprietorship but the Defendants operated and managed the restaurant collectively.

8. Defendants represented that Plaintiffs would acquire and continue the operation of Rito's Burritos restaurant, including Plaintiffs would acquire the restaurant's equipment

and physical location of 7416 N. 51st Avenue, Glendale, Arizona, and Defendant Richard would provide labor and/or services to the restaurant for three (3) years in exchange for an annual salary of $40,000.00.

9. Defendants never owned any equipment or assets to transfer, and instead, the money was used to pay the Defendants delinquent state taxes and other personal and living expenses.

10. Defendants never intended to provide any labor or services in exchange for the $40,000/annual salary. Instead, the money was for Defendants' personal and living expenses.

11. Prior to this action, Plaintiffs filed counterclaims against the Defendants in Maricopa County Superior Court Case No. CV2021-095178 (consolidated with CV2020-011507) for common-law fraud, breach of the duty of good faith and fair dealing and conversion. One business day before the trial was scheduled, the Defendants' bankruptcy stayed the state-court action. Plaintiffs filed this action.

**Background to the Contract**

12. Defendants represented themselves to their nieces as successful restaurateurs who owned Rito's Burritos at 7416 N. 51st Avenue, Glendale, Arizona that could become more successful but Defendants could not do it because of Petra Salinas's health condition.

13. Defendants' lifestyle seemed to corroborate their success. They drove relatively new cars. They lived in an expensive house in the West Valley and they seemed to have extensive leisure time and did not work.

14. The Salinas's appearance of success was a façade. The Defendants owed nearly $52,721.29 in consumer debt and $90,695.07 in back taxes.

15. Plaintiffs paid $16,267.76 of Defendants taxes with their credit cards as part of payment of the "purchase" price of Rito's Burritos' assets.

16. The Defendants were heavily in debt. They owed $143,416.36 in back taxes and consumer debt. And their liabilities exceeded their assets by tens of thousands of dollars, resulting in a net negative worth.

17. During 2018, Danielle, Giselle and Salinas began discussing an asset purchase of Rito's Burritos restaurant at 7416 N. 51st Avenue, Glendale, Arizona. Defendant Richard Salinas wrote the contract and insisted that no attorneys were needed because they were family. The purchase agreement provides that $130,000 is for the restaurant's assets and $120,000 is for salary payable over three (3) years at $40,000/year. Giselle and Danielle wanted to get a Small Business Administration loan, but Defendant Richard forbade it stating it would slow down the purchase.

18. Danielle and Giselle trusted their aunt and uncle (Petra and Richard) enough that they gave them $25,000.00 advance deposit for the purchase of Rito's Burritos' assets before any agreement was written or signed. Defendants accepted the money and cashed the cashier's check immediately. **(Exhibit 1)**

19. Over the years, Danielle and Giselle socialized with Richard and Petra at family gatherings and Danielle and Giselle knew the Defendants had operated Mexican styled food restaurants over the years.

20. On January 2, 2019, Danielle and Giselle met with Defendant Petra at the restaurant to discuss the terms of the agreement. Defendant Petra emphasized that Defendant Richard did not want attorneys involved because they did not want a document that was "lawyered" up. Defendant Petra also made comments that the agreement needed to be the way Defendant Richard wrote it but she refused to elaborate stating only "that's his [Richard's] business."

21. On January 2, 2019 Danielle, Giselle and Defendants went to a UPS store and had their signatures notarized on the purchase agreement Defendant Richard Salinas wrote. Shortly thereafter, Danielle and Giselle began making payments as outlined under the agreement.

22. Giselle and Danielle then formed Rito's Burritos, LLC to operate and manage the restaurant. Rito's Burritos LLC began making payments to Defendants. In mid to late 2019, Giselle hired Paychex to manage their payroll. Paychex informed Plaintiff Giselle that they could not continue to pay Defendants a salary without the requisite mandatory federal and state tax forms. Paychex sent the documents to Defendant Richard Salinas.

23. Paychex and Giselle informed Defendant Richard he needed to complete the forms, provide his social security number, and provide labor and service in exchange for salary. Defendant Richard refused to complete the federal and state tax forms and he refused to provide labor or service in exchange for payroll and he refused to provide his social security number. Instead, he suggested Plaintiffs pay him as a 1099-MISC. Defendant Richard stated he was not required to perform any labor/services in exchange for salary. Plaintiffs disagreed.

24. In late 2019, Defendant Richard Salinas stated he did not give Danielle and Giselle permission to use the trade name Rito's Burritos. Defendant Richard Salinas insisted Danielle and Giselle could not operate the restaurant under the trade name Rito's Burritos.

25. Danielle and Giselle disagreed because the agreement provided Plaintiffs would "acquire and continue" operation of Rito's Burritos restaurant.

26. To resolve their dispute, the parties agreed to hire one (1) neutral lawyer to mediate the dispute.

27. Defendants Richard and Petra Salinas hired Jason Thomas of the law firm Iannitelli Marcolini as the mediator. Thomas spent several months going between Richard and Petra and Danielle and Giselle to determine the issue, how to resolve them and a date the parties could meet at Thomas's office for a mediation. One of the issues raised by Defendants was: (a) they claimed the trade name Rito's Burritos was not included in the "acquire and continue operation" of the Rito's Burritos restaurant at 7416 N. 51st Avenue, Glendale, Arizona as stated in the agreement. Defendants insisted Plaintiffs either pay a royalty to use the trade name or discontinue its use; and (b) Defendants Richard and Petra said they were not required to provide any consideration in exchange for salary and the word salary did not mean salary.

28. When asked, the Defendants refused to disclose what assets were a part of the sale (acquire and continue operation) of Rito's Burritos restaurant at 7416 N. 51st Avenue, Glendale, Arizona.

**Danielle and Giselle Discovers Richard and Petra's Fraud**

29. Danielle and Giselle discovered Richard and Petra's fraud in 2021.

30. Danielle and Giselle asked Richard and Petra to provide a list of assets and a bill of sale for the equipment and other assets that were a part of the sale of the restaurant to Plaintiffs. In response, Richard and Petra responded with what was not included (a) trade name Rito's Burritos; and (b) Richard and Petra did not have to provide any consideration in exchange for salary and they refused to provide their social security numbers. A series of text messages between Danielle and Giselle and Richard and Petra capture Danielle and Giselle's frustration at Richard and Petra's lack of cooperation.

31. Thomas, the neutral mediator never scheduled the mediation. Danielle and Giselle retained counsel to communicate with the mediator and discovered that Jason Thomas of the law firm Iannitelli Marcolini was not only acting as the mediator but as counsel for Richard and Petra. A conflict that Thomas did not explain to Plaintiffs.

32. Without identifying or transferring any assets, Richard and Petra sued Danielle and Giselle for breach of contract, anticipatory breach of contract and rescission of contract and 3% intellectual property (trade name use) royalty on the restaurant's gross sales. Richard and Petra used the neutral mediator as their litigation attorneys.

**Legal Claim**
**(11 U.S.C. § 523(a)(2)(A))**

33. Plaintiffs reallege the preceding allegations.

34. Section 523(a)(2)(A) prohibits the discharge of any debt for money or property obtained by "false pretenses, a false representation, or actual fraud."

35. In one-on-one discussions and in the Agreement, Richard and Petra represented the proceeds of Plaintiffs' $130,000 payment would be for the purchase of the restaurant's equipment and assets.

36. Richard and Petra's representations were materially false because the Salinas knew they did not own any transferrable assets and intended to use the money in substantial part to pay for their back taxes and for other personal expenses.

37. Richard and Petra knew they owned no transferable assets when they had Danielle and Giselle sign an agreement that read Danielle and Giselle would "acquire and continue operation" of Rito's Burritos. Richard and Petra knew they did not intend to provide any consideration in exchange for $40,000/annual salary. The written agreement was used as enforcement to sue if Danielle and Giselle refused to pay.

38. Danielle and Giselle relied upon Richard and Petra's representation that in exchange for $130,000 they would "acquire and continue operation" of Rito's Burritos under the name Rito's Burritos and they were purchasing the equipment and other the restaurant's other assets. Danielle and Giselle would not have signed the Agreement if they had known Richard and Petra owned no equipment, Richard and Petra did not get the landlord's permission to include 7416 N. 51st Avenue, Glendale, Arizona in the Agreement or permission that Danielle and Giselle could use the location.

39. Danielle and Giselle relied upon Richard and Petra's representation that in exchange for $40,000/annual salary, Richard and/or Petra would provide services and/or labor to restaurant for three years while Danielle and Giselle got the restaurant up and running.

Danielle and Giselle would not have signed the Agreement if they had known Richard and Petra had no intention of providing labor and/or services in exchange for a $40,000/annual salary.

40. Danielle and Giselle would not have signed the agreement if they knew Richard and Petra were insolvent or if they had known that their money would be diverted completely to pay Richard and Petra's personal expenses.

41. Plaintiffs were unaware of the falsity of Richard and Petra's representation and justifiably relied upon Richard and Petra's statements.

42. Richard and Petra's false statements regarding the use of Plaintiffs' money proximately caused them to lose $134,117.76 plus interest and to incur past and ongoing costs and attorney fees.

43. Richard made his misrepresentations for the benefit of his marital community with Petra Salinas who benefitted from, approved of, or acquiesced in Mr. Salinas's fraudulent conduct.

44. Petra made her misrepresentations for the benefit of her marital community with Richard Salinas who benefitted from, approved of, or acquiesced in Mr. Salinas's fraudulent conduct.

45. In summary, Richard and Petra's false statements constitute the receipt of money or property by "false pretenses, a false representation, or actual fraud" as set forth in 11 U.S.C. 523(a)(2)(A). This entitles Plaintiffs to damages of $134,117.76 plus interest, costs, attorney fees, and a judgment declaring those damages nondischargeable.

**Demand for Relief**

46. Therefore, based upon the allegations in Count One, Plaintiffs demand judgment against the Defendants as follows:

    A.    For $134,117.76 in damages;

    B.    For Plaintiffs' attorney fees and costs;

    C.    For pre and post-judgment interest as allowed by statute:

    D.    Declaring the requested amounts nondischargeable under 11 U.S.C. § 523(a)(2)(A); and

    E.    For all other relief needed to provide Plaintiffs with a complete remedy.

Dated: May 2, 2023

**THE CALHOUN LAW FIRM, PLC**

By: *Jay Calhoun*
Jay Calhoun
PO Box 7262
Chandler, Arizona 85246
Attorneys for Danielle Salinas and Giselle Salinas

# EXHIBIT 1

# JPMorgan Chase & Co.

Post date: 12/28/2018
Amount: $ 25000.00

Account: ░░░░)292
Check Number: 9098621702




© 2016 JPMorgan Chase & Co.
R&P SALINAS 00130